(No. 14577.—Reversed and remanded.)

THE SPRINGFIELD DISTRICT COAL MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (F. B. RICHTER, Defendant in Error.)

*Opinion filed June 21, 1922.*

WORKMEN'S COMPENSATION—*when award for complete disability is not sustained by the evidence.* An award for permanent total disability to a mine examiner is not sustained by evidence which shows merely that he was temporarily overcome by breathing bad air in the mine, while the uncontradicted testimony of a physician who made several examinations of the claimant is that the permanent disability of which he complains is the result of a disease which has no connection with the accidental injury.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

T. W. QUINLAN, for plaintiff in error.

KERR, MACDONALD & MURPHY, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error, F. B. Richter, was employed by plaintiff in error on March 19, 1920, as a mine examiner. An explosion occurred in the mine on that day, about four o'clock in the afternoon. The defendant in error, on going into the mine, found the doors and means of stopping the openings blown out and smoke and gas were escaping from the mine to such an extent that he was compelled to leave; that when he arrived at the engine-house he fell to the floor; that he soon recovered and went back for the purpose of filling the doors and openings with sheeting, and while so engaged became overcome to such an extent that he again fell. The top boss of the mine, who was assisting in the work, advised the defendant in error that he should not remain there longer. He thereupon left the mine and upon reaching the outside again fell, though at no time

did he lose consciousness. He arose and left the mine without assistance.

Defendant in error testified that he had never had difficulty with breathing before the injury but ever since he has had difficulty in getting a sufficient quantity of air in his lungs; that any unusual exercise exhausts him; that he finds his appetite is poor; that his knees become weak when he attempts to engage in labor. The record shows that he went back to work on the day following the explosion and worked as mine examiner until the 7th of April, when he went to the hospital on the advice of his physician and remained there about ten days; that upon his return, his position having been filled by the employment of another man, he was given what is known as company work, which called for more physical exertion than that of mine examiner; that he was employed at this occupation for about sixteen days, when, as he testified, he was compelled to give it up. He further testified that he had not done any heavy work for sixteen years; that he was then sixty-five years of age; that while doing company work he threw up some blood, but that he said nothing to anyone connected with the respondent about having done so.

The only other testimony in the record was that of Dr. C. L. Patton, to whom defendant in error had gone as his physician prior to his going to the hospital. Dr. Patton testified that he examined defendant in error on April 9; that at that time he complained of loss of weight, loss of strength, failure of appetite and a pain in swallowing, behind the breast bone; that at the time of the examination he weighed 135 pounds; that by his statement he had, a few months previous to that time, weighed 145 pounds, and a few years previous had weighed 161 pounds; that he explained to the doctor the facts regarding the explosion; that he was in the hospital for a period of ten days under the doctor's observation; that four examinations were made of the stomach contents after giving him certain test

meals; that these examinations revealed the absence of free hydrochloric acid and the presence of blood and bacteria incidental to irritation of food in the stomach; that the blood count was normal; that an X-ray examination showed a raggedness in the upper portion of the stomach, denoting ulceration; that from these examinations the witness concluded that the defendant in error was suffering from an early cancer of the stomach. Dr. Patton also testified that there was no connection between these conditions and any condition that might be caused by coming in contact with mine gas; that carbonic acid gas, which defendant in error testified was what he had breathed, could have no other than a temporary effect on the stomach; that mine gas is an inorganic compound, and its effect passes away when the patient is removed to the fresh air. He also testified that the absence of free hydrochloric acid in the stomach is due to cancer; that the difficulty in breathing, of which the defendant in error complained, was due to fixation of the chest wall, due to age; that the blood count showed no evidence of there having been at any time any presence of carbon monoxide; that carbonic acid gas does not produce blood changes.

The commission entered an award for $12 per week for 291 weeks, and thereafter a pension for life for the reason that the injury sustained caused complete disability, which renders the applicant wholly incapable of doing any work. The award was confirmed by the circuit court.

There is no evidence in the record tending to show that the loss of weight and strength and failure of appetite are in any way traceable to the difficulty in breathing of which the defendant in error complains but all of the testimony in the record tends to show the contrary. Assuming every statement made by defendant in error to be true, there is nothing in it that in any way rebuts the testimony of Dr. Patton, and the situation presented is that of a medical explanation of conditions described by the applicant, which

explanation is entirely unrefuted or uncontradicted. In that condition of the record it cannot be said that defendant in error has sustained the burden cast upon him to prove his case by preponderance of the evidence. The evidence in the case furnishes no basis for the finding that the physical conditions complained of by the defendant in error are traceable to his having come in contact with carbonic acid gas on the occasion described. This being true, it seems clear that the decision of the commission cannot be sustained.

The judgment of the circuit court confirming the award will therefore be reversed and the cause remanded, with directions to that court to remand the cause to the commission for hearing further evidence, if defendant in error be so advised. *Reversed and remanded, with directions.*